JC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Kseniia Boeva,

Petitioner,

v.

Todd M. Lyons, *et al.*,

Respondents.

No. CV-26-01711-PHX-JJT (ASB)

**ORDER**

Petitioner Kseniia Boeva, who is represented by counsel, has filed a Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241 challenging her immigration detention. The Court directed Respondents to respond to the Petition (Doc. 3). On March 23, 2026, Respondents filed a Response (Doc. 5), to which Petitioner has replied (Doc. 6). Also pending is Petitioner's Motion to Expedite (Doc. 7) filed on May 28, 2026. For the reasons set forth below, the Court will dismiss the Petition without prejudice for failure to exhaust administrative remedies and deny the Motion to Expedite as moot.

**I. Background**

Petitioner is a native and citizen of Russia. (Doc. 1 ¶ 1.) On or about August 8, 2020, she entered the United States on a B-1/B-2 visitor visa, and she has remained in the United States since that time. (*Id.* ¶¶ 13-14.)

The Petition alleges that Petitioner married a United States citizen in September 2023, that she resides with her husband at a mortgaged marital property in Florida, that she owns and operates several beauty salon businesses, and that she has no criminal history.

(*Id.* ¶¶ 15-16, 18.) It further alleges that the multiple addresses appearing on Petitioner's official documents correspond to her business locations and work-related travel, "not evasion of immigration authorities or lack of fixed residence." (*Id.* ¶ 17.)

In or about January 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement. (*Id.* ¶ 20.) She is presently detained at the San Luis Regional Detention Center within this District. (*Id.* ¶¶ 6, 12.) Petitioner requested a custody redetermination, and a bond hearing was held before Immigration Judge Michael Walleisa of the Miami Krome Immigration Court. (*Id.* ¶¶ 20-21; Doc. 1-1 at 2.) The Petition alleges that Petitioner presented evidence at the hearing of, among other things, her lawful entry, her marriage to a United States citizen, her fixed residential address, her operation of multiple businesses, her lack of criminal history, and the business-related explanation for the multiple addresses on her official documents. (Doc. 1 ¶ 21.)

By order dated February 24, 2026, the Immigration Judge denied Petitioner's request for a change in custody status, stating: "The Respondent has not met her burden of establishing that she is a good candidate for bond. Respondent has used numerous addresses on official documents over the past five years and has not sufficiently established that [she] is not a risk of flight." (Doc. 1-1 at 2.) Petitioner reserved appeal, and the order states that any appeal to the Board of Immigration Appeals ("BIA") was due March 26, 2026. (*Id.* at 3.)

On March 13, 2026, before the time to appeal had expired, Petitioner filed the present Petition through counsel. (Doc. 1.) Ground One alleges that the Immigration Judge's flight-risk determination is legally insufficient under 8 U.S.C. § 1226(a) because it rests on a single factor without consideration of the totality of the circumstances. (*Id.* ¶¶ 35-40.) Ground Two alleges that the same failure violated Petitioner's right to due process under the Fifth Amendment. (*Id.* ¶¶ 41-45.) The Petition requests the Court to order Petitioner's release on bond or, alternatively, to order a new bond hearing. (*Id.* at 9.)

## II. Discussion

### A. Applicable Detention Statute

The Immigration and Nationality Act ("INA") supplies several statutes authorizing the detention of aliens placed in removal proceedings, including 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

Here, it is undisputed that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (Doc. 1 ¶¶ 24, 36; Doc. 5 at 2.) Section 1226(a) is the "default rule" for the detention of aliens "already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Detention under 8 U.S.C. § 1226(a) is discretionary. The statute authorizes but does not require detention, and it expressly permits release on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Its implementing regulations provide for custody redetermination hearings before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1236.1(d).

### B. Jurisdiction

District courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). Although 8 U.S.C. § 1226(e) limits judicial review of the Attorney General's discretionary judgment regarding the detention and release of an alien, it does not "preclude habeas jurisdiction over constitutional claims or questions of law," and "[c]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

The Court therefore "has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, No. 18-cv-04800, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (explaining that although the IJ's discretionary bond determination was not reviewable in federal court, *see* 8 U.S.C. § 1226(e), the court has "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [the petitioner's] agency proceedings, including any claimed due process violation"); *Benipal v. Rokosky*, No. CV-26-01306-PHX-RM (CDB), 2026 WL 1355010, at *6 (D. Ariz. Apr. 23, 2026) (claims challenging the procedural adequacy of a bond hearing are reviewable), *report and recommendation adopted*, 2026 WL 1352061 (D. Ariz. May 14, 2026).

Jurisdiction, however, is not the end of the inquiry. An alien who wishes to challenge an Immigration Judge's custody determination must first appeal that determination to the BIA. When a petitioner has not done so, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (requiring exhaustion of constitutional claims that the BIA can review on appeal). The following section sets out the standards that govern the exhaustion requirement and applies them to the Petition.

**C. Petitioner Has Not Exhausted Her Administrative Remedies**

"The doctrine [of exhaustion] provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). In other words, an exhaustion requirement "means using all steps that [an] agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis omitted).

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Here, Petitioner seeks habeas relief under 28 U.S.C. § 2241, which does not explicitly require administrative exhaustion. However, the "Ninth Circuit requires prudential exhaustion in habeas challenges to decisions by IJs, including bond determinations." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Leonardo*, 646 F.3d at 1160; *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018)). Exhaustion is required "because agency expertise is often needed to generate a proper administrative record, because relaxing exhaustion would only encourage detainees to deliberately bypass available administrative remedies, and because administrative review can often correct the errors alleged—eliminating any need for federal habeas review." *Fan v. Bondi*, No. 5:25-cv-3619-SK, --- F. Supp. 3d ----, 2026 WL 2276462, at *9 (C.D. Cal. Aug. 6, 2026) (citing *Puga*, 488 F.3d at 815).

Here, Grounds One and Two each challenge the February 24, 2026 custody determination. The record does not reflect that Petitioner appealed that determination to the BIA. Respondents note that they are unaware of any appeal (Doc. 5 at 2), and Petitioner does not contend otherwise (Doc. 6 at 9). The Court finds that Grounds One and Two are unexhausted.

A court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). That discretion, however, "is not unfettered," and the exhaustion requirement "is not lightly to be disregarded." *Laing*, 370 F.3d at 998 (quoting *Murillo v. Mathews*, 588 F.2d 759, 762 n.8 (9th Cir. 1978)). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Id.* Petitioner bears the burden of showing that at least one of the

*Laing* factors applies. *See Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies."). As explained below, the Court finds that Petitioner has not carried that burden.

In asserting that exhaustion should be waived, Petitioner first argues that the administrative remedy is inadequate because she is asserting that the bond determination process itself was constitutionally flawed. (Doc. 6 at 10.) Although "[a]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures," the "key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013). That is, a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal." *Rojas-Garcia*, 339 F.3d at 819.

In Ground One, Petitioner contends that the Immigration Judge's determination is legally insufficient because it rests on a single factor. (Doc. 1 ¶¶ 35-40.) In Ground Two, Petitioner contends that the same deficiency violated due process. (*Id.* ¶¶ 41-45.) A habeas court reviewing a custody determination "cannot reweigh the evidence," *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)), and a petitioner may not obtain review of a discretionary determination by "cloaking an abuse of discretion argument in constitutional garb," *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). Consistent with those limits, the Petition disclaims any challenge to "the IJ's discretionary weighing of factors" (Doc. 1 ¶ 34).

The February 24, 2026 order is a summary form. When a bond appeal is filed, however, the Immigration Judge prepares a written decision explaining the reasons for the custody determination, and the BIA reviews the determination on that record. As noted by another district court, the governing practice manual provides that upon appeal, "the Immigration Judge prepares a written decision based on notes from the hearing[.]"

*Tojxitumul v. Warden of the Mesa Verde Detention Facility*, No. 1:26-cv-04431-JLT-CDB (HC), 2026 WL 1786393, at *2 n.2 (E.D. Cal. June 22, 2026) (quoting U.S. Dep't of Justice, Exec. Office for Immigration Rev., EOIR Policy Manual pt. II (Immigration Court Practice Manual), ch. 8.3(e)(7), https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last visited Aug. 25, 2026)). Nothing in the record suggests that the Immigration Judge would have departed from that practice had Petitioner appealed.

The BIA reviews an Immigration Judge's rulings on questions of law, discretion, and judgment de novo. 8 C.F.R. § 1003.1(d)(3)(ii). If the February 24, 2026 determination rested on a single factor to the exclusion of the circumstances Petitioner identifies, or failed to reflect the individualized assessment that the BIA's own precedent requires, the BIA can correct the error and order appropriate relief. *See* 8 C.F.R. § 1003.19(f); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ("Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process."); *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007) (procedural due process claims "must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims"); *Sun*, 370 F.3d at 944 n.18 (explaining that if "an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it"). Because the BIA can decide the claims Grounds One and Two present, Petitioner has not shown that the administrative remedy is inadequate.

Petitioner next invokes the futility factor. (Doc. 6 at 12-19.) "[T]here is no exhaustion requirement if resort to the agency would be futile." *SAIF Corp./Oregon Ship v. Johnson*, 908 F.2d 1434, 1441 (9th Cir. 1990). Recourse to the BIA is futile where "the agency's position on the question at issue appears already set." *Hernandez*, 872 F.3d at 989 (quoting *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991)). Petitioner does not contend that the BIA's position on the question her Petition presents is already set. To the contrary, the individualized, totality-of-the-circumstances assessment she faults the Immigration Judge for omitting is the assessment

the BIA's own precedent prescribes. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

Petitioner argues instead, on the basis of news accounts, press releases, and other materials outside the record, that recent personnel and policy changes within the Executive Office for Immigration Review have left the BIA incapable of impartially reviewing any bond appeal. (Doc. 6 at 12-19.) Futility, however, cannot rest on a prediction that the BIA is unlikely to rule in Petitioner's favor. *See Santos Barrera v. Semaia*, No. EDCV 24-1617 PA (PVC), 2025 WL 2684198, at *4 (C.D. Cal. Mar. 5, 2025) (futility turns on whether the petitioner would have to argue against established BIA precedent or another specific rule the BIA is unlikely to change, not on generalized predictions that the BIA will rule unfavorably). Adjudicators are entitled to "a presumption of honesty and integrity," *Withrow v. Larkin*, 421 U.S. 35, 47 (1975), and generalized allegations of institutional bias—allegations that could be advanced by any alien with an appeal before the BIA—do not establish that pursuit of Petitioner's own appeal "would be a futile gesture." *Laing*, 370 F.3d at 1000; *see Villa v. Mullin*, No. 5:26-cv-01690-JDE, 2026 WL 1583941, at *3 (C.D. Cal. June 2, 2026) ("Claiming such efforts would be futile without even trying is generally an inadequate basis to excuse exhaustion."). The district-court litigation the Reply describes concerns the bond eligibility of aliens detained under 8 U.S.C. § 1225(b). Here, Petitioner is detained under 8 U.S.C. § 1226(a), and the Immigration Judge entertained her request for bond. (Doc. 6 at 17-19.)

Finally, Petitioner asserts irreparable injury, arguing that her detention is itself a continuing deprivation of liberty that later administrative review cannot remedy. (Doc. 6 at 12.) Detention that follows a bond hearing is not by itself irreparable harm sufficient to waive the exhaustion requirement. *See, e.g.*, *Aden*, 2019 WL 5802013, at *3; *Reyes v. Wolf*, No. C20-0377JLR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (continued detention while a BIA appeal of a bond denial is pending does not, without more, establish irreparable injury), *aff'd sub nom. Diaz Reyes v. Mayorkas*, 854 F. App'x 190 (9th Cir. 2021). *But cf. Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *7

(N.D. Cal. May 19, 2020) (excusing exhaustion where continued detention was exacerbating the petitioner's diagnosed post-traumatic stress disorder). Petitioner's argument assumes the answer to the question her Petition presents. It treats her detention as unconstitutional, and therefore irreparable, before any tribunal has so found. *See Francisco Cortez v. Nielsen*, No. 19-cv-00754-PJH, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2019) (such an argument "begs the constitutional questions presented in [the] petition"). It is also an argument available to every alien detained following an adverse custody determination, and accepting it would create "an exception to exhaustion that would swallow the rule." *Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *6 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025); *see also Fan*, 2026 WL 2276462, at *15 (recognizing that there are "compelling cases where continued detention pending a lengthy BIA appeal would constitute irreparable injury," but that the exceptions "cannot swallow the rule").

*Leonardo* is instructive. There, a detained alien received a bond hearing, was denied bond, and sought review of the Immigration Judge's decision in the district court without first appealing to the BIA. 646 F.3d at 1159. The Ninth Circuit held that "[t]his short cut was improper" and that the district court should have dismissed the petition without prejudice or held it in abeyance pending exhaustion. *Id.* at 1160. The exhaustion rule is not an empty formality. As the court explained in *Fan*:

> [T]o enforce exhaustion—in a case like this one especially—is not to relegate detainees to a phantom zone of administrative bureaucracy. Nor is it to diminish in any way the real-world consequences of physical confinement. It is only to say that, in the mine-run of immigration detention cases, exhaustion is essential to ensuring that federal habeas courts remain Article III courts of limited *collateral* review—not de facto administrative boards of *direct* review functionally no different than the BIA.

*Fan*, 2026 WL 2276462, at *15.

In sum, Petitioner has not carried her burden of showing that any *Laing* factor excuses exhaustion. Indeed, excusing exhaustion here would "encourage detainees to deliberately bypass available administrative remedies." *Fan*, 2026 WL 2276462, at *9; *see Laing*, 370 F.3d at 1000 (whether waiver "would encourage the deliberate bypass of the administrative scheme" is "a key consideration" (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990))). Petitioner, who was represented before the Immigration Judge, reserved appeal and then filed this action thirteen days before her time to appeal expired. (Doc. 1; Doc. 1-1 at 3.) Courts have declined to excuse exhaustion in materially similar circumstances. *See, e.g.*, *Younghun Kim v. Mullin*, No. C26-1992-SKV, 2026 WL 2198597, at *4 (W.D. Wash. July 30, 2026) (dismissing a § 2241 challenge to a bond denial without prejudice for failure to exhaust where the petitioner filed suit days before his deadline to appeal to the BIA expired, noting that a "written decision by the IJ, which would have been produced had Petitioner appealed the decision to the BIA, likely would have clarified . . . and illuminated Petitioner's due process claim" and stating that "[w]ithout having exhausted his claim, Petitioner is not equipped to press it, and the Court is not positioned to decide it"). Consistent with *Leonardo*, the Petition will be dismissed without prejudice.

Although the disposition of the Petition rests on exhaustion, the Court observes that Grounds One and Two would face substantial obstacles even if exhaustion were excused. The February 24, 2026 order is brief, but it is not unreasoned. It identifies the evidence on which it rests—Petitioner's use of numerous addresses on official documents over five years—and connects that evidence to flight risk, a consideration the BIA's precedent makes relevant. *See Matter of Guerra*, 24 I. & N. Dec. at 40 (identifying, among the factors bearing on bond, whether the alien "has a fixed address in the United States"). An alien's use of numerous addresses on official documents is evidence from which a risk of flight can rationally be inferred. This is not a case in which the Immigration Judge "relied upon proof that—as a matter of law—could not establish the conclusion drawn." *Singh v. LaRose*, No. 26-cv-1425, 2026 WL 1387428, at *4 (S.D. Cal. May 18, 2026) (cleaned up).

Whether the address history should have yielded to the equities Petitioner presented is the discretionary weighing that 8 U.S.C. § 1226(e) places beyond this Court's review. *Martinez v. Clark*, 124 F.4th at 785; *Torres-Aguilar*, 246 F.3d at 1271.

Therefore,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expedite (Doc. 7) is **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 31st day of August, 2026.

Honorable John J. Tuchi
United States District Judge